## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

JODY D KIMBRELL                        )
 Plaintiff                             )
        -v-                          )
HOUSING AND URBAN DEV (HUD)  )
Under United States 28 U.S.C. 2401(b)

BANK OF AMERICA, NA (BoA)
BRIAN T MOYNIHAN, CEO
DENISE WALL ISKIERSKI Asst VP
CARESSA YOUNG TX Notary
JERMAINE ANDREW CARRINGTON Asst VP
NICOLE WILLIAMS TX Notary                    Case no.
JASON LEE WEAVER, Loan Originator            **JURY DEMANDED**
VANTAGE POINT BANK PA
ESTABAN BENAVIDEZ FHA Originator
DONNA DARRIN, BOA FHA Underwriter
KATHY BOWEN prepared BoA documents
KATHLEEN QUICKIE, FHA approval dept
BETHANY JACOBS FHA Loan processor
DONALD W WHALEY Asst VP endorsed forged FHA note in blank
CAROL SINGH FRAUD unit BOA 220914CR0031251
KEVIN CUNNINGHAM filed fraud LDN 22-00022246, LDN2200022246
EQUIFIRST CORP. acquired by BoA
BAC MC servicing CA
DIANNA DE AVILA Prepared the 2013 FHA mortgage
MERCEDES JUDILLA, Asst Sec MERS
CECI RODRIQUEZ, Notary #2069593 notarized using
             CECEILA RODRIQUEZ Commission number
US BANK National Assoc transferred FHA 132-2187749
COUNTRYWIDE Mortgage forged new FHA mortgage with
DEUTCHE BANK
CASTLE OAK or Oak Castle Securities who sold the 2013 FHA mortgage
in pool of $897M to GNMA.
Bank of America Trust Division
RECONTRUST-Partial Release Div    )
RECONTRUST- Corporate Office      )
RECONTRUST-Filed 18-CH-00420      )
RECONTRUST Maricopa Co AZ-recorded & paid release (2013 then again 2020)

AKIA PIERCE AVP of MERS
REGINA MARQUEZ AZ Notary then
MORTGAGE ELECTRONIC REGISTRATION SERV MERS
ERIC FERGUSON VP MERS Flint MI
REBECCA FRITZ AZ notary
FIRST AMERICAN MORTGAGE SOLUTIONS, IDAHO
Of FIRST AMERICAN TITLE INSURANCE CO as
FIRST AMERICAN FINANCIAL CORP
KENNETH D DeGIORGIO CEO
MERSCORP HOLDINGS
ICE MORTGAGE TECHNOLOGY
BILL BECKMAN, President MERS
SERVICE LINK NLS LLC
dba SERVICE LINK TITLE CO
dba SERVICE LINK
dba NATIONAL REAL ESTATE SERVICES
CHICAGO TITLE
As FIDELITY NATIONAL FINANCIAL INC FL
BLACK KNIGHT FINANCIAL SERVICES
THOMAS H LEE PARTNERS
SUSAN B FALATTI
Defendants

VERIFIED COMPLAINT FOR
RELIEF AND DAMAGES FROM
RACKETEERING, CONSPIRACY
TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY
AND RELATED CLAIMS;
    JURY DEMANDED:

pursuant
18 U.S.C. 1961 *et seq.*;
18 U.S.C.1964  Civil RICO Remedies; Congressional statute wrote for Housing
and Urban Development HUD (24 C.F.R. § 203.604 (2014) enacted by Congress
with Specific Reservations);
in pari materia with the  Supremacy Clause in the U.S. Constitution.

A. **THE PARTIES TO THE COMPLAINT**

Plaintiff
JODY D KIMBRELL
6608 N University St
Peoria, IL  61614                714 S Eddlemon Rd
309 678-3857                     Hanna City, IL  61536
jody513@comcast.net

B.    Defendants
HOUSING AND URBAN DEVELOPMENT
Federal Tort Claims Center
Office of Regional Counsel
Thomas P O'Neill Jr Federal Building
10 Causeway St Rm 310
Boston, MA 02222-1092
Pursuant 28 USC 2401(b)
(617) 994-8250    fax: (617) 565-7337
Derya Samadi Counsel

C.    BANK OF AMERICA, NA
Corporate Office Center
100 North Tryon St
Charlotte, NC 28255

D.    BRIAN T. MOYNIHAM BOA CEO
100 North Tryon St
Charlotte, NC 28255

E.    DENISE WALL ISKIERSKI as BOA Asst VP
Signed on affidavit case 18-CH-00420
With driver license before
TX notary
Shown as DIANE ISKIERSKI BOA employee on Linkd in
Providence, RI
100 North Tryon St
Charlotte, NC 28255

3

F.   CARESSA YOUNG TX NOTARY  ID 130211696-0
     5500 State Hwy 121 apt 521
     Lewisville, TX 75056

     Notary from Mark Masters, Inc  shut down for tax evasion and
     fraud.  13333 N Beirroug Dr. – Houston, TX 77067

G.   JERMAINE ANDREW CARRINGTON BOA Asst VP
     Signed affidavit case 18-CH-420 2/26/2020
     Notarized by TX notary
     No record being a BoA employee—phone book listing shown
     9735 Kerriville Rd
     Dallas, TX 75227
     214 428-7399

H.   NICOLE WILLIAMS TX Notary on stamp 12883430-5
     No record at TX Sec of State
     And no listing for such in Texas.

I.   JASON LEE WEAVER, FHA Loan originator   6/11/**2013**
     NMLS 142198  no such number at registration NMLS Consumer
     Access to verify required license. Was on a VANTAGE POINT
     BANK-FHA cases 130-5017893 then 132-2860559. Bank closed
     for FHA mortgage document Fraud -**2014**
     His Link'd in shows he worked for Bank of America from **2011** to
     present
     Bank of America
     100 Welsh Rd
     Horsham PA 19044

J.   ESTABAN BENAVIDEZ, BOA FHA Loan Originator
     BoA ID 700497 FHA case 1306501847
     No NMLS on record—information came from the FOIA request
     documents March 2022  no record of him as an employee of BoA
     100 North Tryon St
     Charlotte, NC 28255

4

K.  DONNA DARRIN, BoA Asst VP FHA loan approval underwriter
No record of her working at BoA in 2013
2014 was at American Mortgages 4795 Regent Blvd Irving, TX
And present a VA underwriter at;
FBC Mortgages
189 S Orange Ave   suite 970
Orlando, FL  32801
866 766-8885

L.  KATHY BOWEN prepared the BOA documents and
KATHLEEN QUICKIE, BOA FHA Approval Dept
No record of them anywhere as employees of defendant
Bank of America corporate office
100 North Tryon St
Charlotte, NC 28255

M.  BETHANY JACOBS,  prepared the affidavits in case 18-CH-420
Bank of America—or Service Link employee is unknown
Bank of America
8790 Governors Hill Drive   suite 300
Cincinnati, OH 45259

N.  DONALD W WHALEY BOA Asst VP  endorsed in blank the forged
FHA note 15 months after the plaintiff purportedly signed it.
Link'd in said he is a production specialist 2019-2021 nothing
before that at BoA.  A phone book listing address for him
6036 Ridgecrest Rd #320
Dallas, TX 75227
469-334-2583
Bank of America corporate office
100 North Tryon St
Charlotte, NC 28255

O.  CAROL SINGH, Fraud investigation BOA 2209 14CR0031251
Bank of America corporate office
100 North Tryon St
Charlotte, NC 28255

P.  KEVIN CUNNINGHAM Fraud Division BOA
    Plaintiff filed 5 fraud cases with BOA no ever sent anything for us
    to verify our handwriting on their forged FHA documents.
    Bank of America corporate office
    100 North Tryon St
    Charlotte, NC 28255

Q.  EQUIFIRST CORP
    500 Forrest point Circle
    Charlotte, NC 28273
    Closed by fraud prosection by federal government **2016**
    Purchased by Bank of America
    13000 S Tyron St suite F
    Charlotte, NC 28278
    704 679-4400 (website goes to Regions Bank)
    MERS released the closed company owning plaintiff's forged FHA
    mortgage **2020**

R.  BAC MC SERVICING  BK case 14-81545
    Via MERS of Flint MI assigned plaintiff's forged FHA mortgage to
    Bank of America Sept. 14, **2014**
    CA6 914-01-43
    1800 Tapo Canyon Rd
    Simi Valley, CA 93063

S.  Prepared by DIANNA DE AVILA
    1800 Tapo Canyon Rd
    Simi Valley, CA 93063

T.  MERCEDES JUDILLA, Asst Sec MERS
    1800 Tapo Canyon Rd
    Simi Valley, CA 93063

U.  CECI RODRIQUEZ   notarized
    using a notary stamp ID 2069593
    1800 Tapo Canyon Rd
    Simi Valley, CA 93063
    That belongs to CECEILA RODRIQUEZ  Ventura, CA under Notary
    act you sign as you are registered on your commission.

6

V.    US BANK NATIONAL ASSOC
      4325 17th Ave SW
      Fargo, ND 58103 had plaintiff's 2007 FHA mortgage released it to
      Equifirst Corp then through 6 more servicers collecting and
      pocketing payments till it landed at Countrywide who forged new
      FHA mortgage because all payments and mortgage docs were
      destroyed to hide the stealing of plaintiff's payments.
            One document plaintiff has shows two payments total $7100
      and $4900 was escrowed then disappeared. HomeQ was shut
      down for stealing MIP (a HUD insurance collection program)
      payments 2013; In cooperation with

W.    DEUTCHE BANK
      Taunusanlage 12 60325
      Frankfort, Germany
      +49 69 910-00  phone

X.    CASTLE OAK or OAK CASTLE SECURITIES, LP
      3 World Financial Center
      200 Vesey St  4th Floor
      New York, NY 10281
      646 521-6700
      Together these three defendants under Trust 2013-098 which
      contained plaintiff's phantom forged FHA mortgage pool of $895,
      247,337. FHA mortgages and sold them to GNMA. July 31, 2013

Y.    Bank of America Trust
      RECONTRUST Partial release Division approved Plaintiff's div of
      paid FHA mortgage land 2012—HAD plaintiff's signatures on the
      check and the approved release documents
      2380 Performance Dr Bldg C
      Richardson, TX 75082
      972 498-2757

Z.    RECONTRUST
      1800 Tapo Canyon Rd
      Simi Valley, CA 93063 did the 2014 assignment of forged FHA
      mortgage and filed into the federal bankruptcy case 14-81545

AA.  RECONTRUST
4500 Amon Carter Blvd
Fort Worth, TX 76155  signed on the 2018 foreclosure complaint
18-ch-420 as Bank of America

BB.  AKIA PIERCE Asst VP of MERS  released plaintiff's paid FHA
mortgage 6/1/2013  Flint, MI  (plaintiff's credit report shows
4/13/13 mortgage was paid) and no other mortgages appear on
any credit report after that date

CC.  REGINA MARQUEZ  Notary Maricopa Co AZ doc returned to
RECONTRUST
Mail stop AZ1 804-02-11
2575 W Chandler Blvd
Chandler, AZ 85224

DD.  MORTGAGE ELECTRONIC REGISTRATION SERVICES
MERS
BOX 2026
Flint, Michigan 48501
888 679-6377

EE.  ERIC FERGUSON, Asst VP of MERS no record of him in MI
He signed the 2020 release for EQUIFIRST CORP, defunct in 2016,
and was notarized by

FF.  REBECCA FRITZ, Notary AZ commission 584310
Maricopa Co,
Tempe, AZ 85282   no record of her in AZ

GG.  Prepared by FIRST AMERICAN MORTGAGE SOLUTIONS
1795 International Way
Idaho Fall, ID 83402
480 739-1400
FIRST AMERICAN FINANCIAL CORP
MICHAEL BECKER, EVP 212 752 9600
1 First American Way
Santa Ana, CA 92707     714 250-3000

HH.   KENNETH D DeGIORGIO, CEO OF
      MERSCORP   800 646-6377

II.   DBA MERSCORP HOLDINGS, INC

JJ.   ALL MERS were PURCHASED BY
      ICE TECHNOLOGY
      4420 Rosewood Drive suite 500
      Pleasanton, CA 94588
      952 227-7000    fax: 925 227-9030

KK.   BILL BECKMAN, President of MERS
      Corporate office ICE Technology
      4420 Rosewood Drive suite 500
      Pleasanton, CA 94588  952 227-7000

LL.   SERVICELINK NLS LLC
      AS a MERS link
      1595 Spring Hill Rd suite 310
      Vienna, VA 22182
      703 761-1595   registered address;
      160 Mine Lake Ct suite 200
      Raleigh, NC 27615
      Note: ServiceLink is a lender platform for Fidelity National Financial
      and used by MERS was purchased by
      LL.1  Thomas H Lee Partners in 2014.
            100 Federal St FL 35
            Boston, MA 02110    617-227-1050

MM.   CHICAGO TITLE   Title Policy 26365595(was in the manufactured
      documents sent to the FOIA request-2022) when plaintiff called
      and gave them that number said had no record of it.
      As a division of SERVICE LINK
      4000 Industrial Blvd.
      Aliquippa, PA 15001
      800 777-8759   412 299-6200

NN.    SERVICE LINK   a BLACK KNIGHT CO.
1400 Cherrington Pkwy
Moon Township, PA 15108
With main office
345 Rouser Rd
Coropolis, PA 15108 and
601 Riverside Ave
Jacksonville, FL 32204  904 854-5100

OO.    SUSAN FALATTI signed the title policy (in the 2022 FOIA request
documents) Bank of America sent to HUD as true and correct as
2013 documents with 2022 fonts and missing the 2013 fax date.
ServiceLink LLC
4000 Industrial Blvd
Aliquippa, PA 15001

## I.    BASIS FOR JURISDICTION

This Court has original jurisdiction pursuant to the civil RICO remedies
at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in Tafflin v.
Levitt, 493 U.S. 455 (1990), the U.S. Court of Appeals for the Seventh Circuit in
Haroco, Inc. v. American National Bank & Trust Co. of Chicago, 747 F.2d 384
(1984), *aff'd, post* p. 473 U. S. 606.  Illinois State courts have concurrent
jurisdiction of civil RICO claims and are learning HUD regulations (24 C.F.R. §
203.604 (2014) sort of.

## II.    BASIS FOR DIVERSITY OF CITIZENSHIP

a. Plaintiff JODY D KIMBRELL is an individual is a citizen of the
State of Illinois.

b. The first named defendant pursuant 28 USC 2401(b) Housing and
Urban Development HUD is located in Washington, DC

c.  The remaining Defendants are listed by their corporate
headquarter address which includes the state they are located.

d. The individuals that appear on documents but have no presence by search or address have been assumed to be in the State of their notary, employer or institution, if they exist, the corporate defendants listing them on the documents can provide location for them in discovery.

e. The only defendant notary Plaintiff did not include was Jannesse Bush, listed as inactive June 2013 at the Illinois Sec of State and who notarized the alleged forged 2013 FHA mortgage in Ohio for Vantage Point Bank-Jason Weaver. There is no activity for her after that date.

## III.    STATEMENT OF CLAIM

The elements common to nearly all RICO violations are (a) a culpable "person" who (b) willfully or knowingly (c) commits or conspires to the commission of "racketeering activity" (d) through a "pattern" (e) involving a separate "enterprise" or "association in fact," and (f) an effect on interstate or foreign commerce. The "collection of an unlawful debt" is itself a RICO violation even without a "pattern" of "racketeering activity." The "pattern" and "enterprise" requirements are discussed separately in §§ 12–16 and in §§ 17–25, respectively. § 3 The Culpable "Person" RICO requires "a person" who violated or conspired to violate § 1962(a), (b), or (c). Section 1961(3) defines a culpable "person" as an "entity capable of holding a legal or beneficial interest in property."

11

RICO claims must be based on actual racketeering conduct and the offenses listed in § 1961 are called "predicate acts" because at least one of them must have been committed through a pattern to sustain a RICO claim. A plaintiff need not allege that the defendant has been convicted of the predicate act to bring a civil claim.

For a claim under § 1962(c), plaintiff will show how each defendant committed the racketeering activity by their own documented proof as confirmed by the Eighth Circuit, "the requirements of § 1962(c) must be established as to each individual defendant," and the focus of § 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise."

§ 6 Racketeering Activity—Issues Relating to Mail and Wire Fraud Mail fraud (18 U.S.C.A. § 1341) and wire fraud (18 U.S.C.A. § 1343) are included as racketeering activities and are alleged as predicate acts in a "high percentage" of civil RICO claims. Using an electronic registering system to defraud is the same.

Criminal mail fraud involves (1) a scheme based on an intent to defraud; and (2) the use of the mails to further that scheme. A scheme to defraud encompasses "acts of artifice or deceit which are intended to deprive an owner of her property or money." The elements of mail or wire fraud have been identified as: (1) a plan or scheme to defraud; (2) intent to defraud; (3)

12

reasonable foreseeability that the mail or wires will be used; and (4) actual use of the mail or wires to further the fraud.

New technology has made it much easier for fraud schemes to deprive an owner of her property. The internet and electronic servicing plus adding the credibility of a government oversight agency (HUD) drowning in the dark thinking criminals actually follow their law.

## PARTIAL LIST OF RICO PREDICATE ACTS
## AND OTHER ACTS OF WITNESS RETALIATION

### COUNT ONE:

Acquisition and Maintenance of an Interest in and Control of
an Enterprise Engaged in a Pattern of Racketeering Activity:

18 U.S.C. §§ 1961(5), 1962(b)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

During the ten (10) calendar years preceding March 1, 2009 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

13

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

Pursuant to the original Statutes at Large, the RICO laws itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

Defendant superior HUD (principal is liable for agents' misconduct had knowledge of, participation in, and benefit from a RICO enterprise right under their nose, totally blank that criminals would involve them, using their credibility to run a RICO in the FHA mortgage program.

### COUNT TWO:
Conduct and Participation in a RICO Enterprise
through a Pattern of Racketeering Activity:

18 U.S.C. §§ 1961(5), 1962(c)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

14

During the ten (10) calendar years preceding March 1, 2009 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. (as explained above).

### COUNT THREE:
Conspiracy to Engage in a
Pattern of Racketeering Activity:

*18 U.S.C. §§ 1961(5), 1962(d)*

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

15

At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering *activity*, in violation of 18 U.S.C. §§ 1962(c) and (d).

See also 18 U.S.C. §§ 1961(4), (5) and (9).

During the ten (10) calendar years preceding March 1, 2009 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. (as explained above).

## IV.  AMOUNT OF CONTROVERSY
## SUMMARY OF DAMAGES

Summary of Reasonable Plaintiffs Fees:         TBA

Summary of Consequential Damages:              TBA

Summary of Actual Damages (partial list):

   Paid 2007 in 2013 FHA Mortgage      $211,645.00

   triple damage multiplier (3x):    $634,935.00

16

The forged 2013 FHA mortgage　　$198,000.00

triple damage multiplier (3x):　　$594,000.00

The payments made on the 2013 FHA mortgage $37,645.00

triple damage multiplier (3x):　　$112,935.00

---------------

Total:　　　　$1,789,160.00

## V.　RELIEF REQUESTED

Wherefore, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

### ON COUNT ONE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2. That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO enterprise of persons, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

17

3.  That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in <u>COUNT ONE</u> supra.

4.  That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of <u>18 U.S.C. 1962</u>(b) and from all other violation(s) of applicable State and federal law(s).

5.  That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

6.  That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

7.  That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

8.  That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

18

9.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

10. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

### ON COUNT TWO:

1.  That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO enterprise of persons and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2.  That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3.  That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from associating with any RICO enterprise of persons, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

19

4.      That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) and 1962(c) supra.

5.   That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT TWO supra.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) supra and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) supra, according to the best available proof.

8.   That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) supra, according to the best available proof.

9.   That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT THREE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra*.

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

3. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined temporarily during pendency of this action,

21

and permanently thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) supra.

4.   That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) supra.

5.   That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT THREE supra.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

8.   That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

9.  That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, Her heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

13. FHA mortgage program was created to benefit borrowers, NOT corporate greedy individuals; interstate transportation of stolen property by illegal acts by;

14. Using an electronic registration system known as MERS to move interests, adjust legal descriptions of mortgage and note documents, use non existing employees to sign documents, use other companies' employees, get individuals from the phone book and;

15. One objective of the racketeering enterprise as to the defendants named in this case has been to inflict severe and sustained economic hardship upon the Plaintiff, with the intent of impairing, obstructing, preventing, threatening and discouraging Plaintiff from speaking out against

organization's illegal acts. See 18 USC 1512 and 1513.

16. Targeting and retaliation actions are admitted when defendant Bank of America spent huge amounts in legal fees (seventeen lawyers to date) over one FHA mortgage controversy

**UNLESS;**

1. The $895M FHA mortgages sold to GNMA is why Bank of America has been so adamant.

2. Defendant HUD can answer that question in their response.

3. Plaintiff has detailed dates and documented proof of defendant RICO acts.

4. April 2012 when Plaintiff went to the new FHA servicer Countrywide mortgage to get her FHA mortgaged property divided to build a house for her disabled Afghanistan vet daughter a home and was told her FHA mortgage balance was about $18k to

5. February 2013 calling again to get payoff and was offered to have interest reduced on a then $6000 balance;

6. To September 14, 2014 when defendant Bank of America, NA appeared in plaintiff's federal bankruptcy case 14-81545 with claim #5 of an $198k FHA mortgage, with a FHA case number that did not exist in the FHA system until;

7. An HUD investigator-2022 found it as a phantom mortgage in a trust-securities sale of $895M FHA mortgages to GNMA.

24

8. Bank of America claimed Plaintiff had signed said mortgage, without providing any of the required FHA origination and closing documents until;

9. Answering to plaintiff's FOIA request-Feb 2022 when newly manufactured FHA documents appeared.

10. When defendant-BoA manufacturers multiple documents as evidence they complied to HUD FHA regulations, one must use 2013 fonts not 2020 fonts and remember to add the 2013 fax date to all of the documents.

## VI.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay or needlessly increase cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or if specifically so identified will likely have evidentiary support after reasonable opportunity for further investigation or discovery; and (4) the complaint complies with the requirements of rule 11.

November 20, 2022

"/s/" Jody D Kimbrell

**CERTIFICATE OF SERVICE**

Under penalties as provided by law pursuant sect 1-109 of the

Code of Civil Procedure, the undersigned Jody D Kimbrell, hereby

certifies that on November 20, 2022 an original copy of:

**VERIFIED COMPLAINT FOR CIVIL RICO CASE**

Has been sent to the Clerk of the Court along with required cover sheet,

and application AO240

"/s/" Jody D Kimbrell

6608 N University St

Peoria, IL 61614

309 678-3857        jody513@comcast.net